**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **EMERALD COAST FINEST PRODUCE COMPANY OF MOBILE, LLC,** )<br>)<br>) | |
| **Plaintiff,** ) <br>) | |
| vs. ) | **CASE NO:08-00106-CG-M** |
| ) <br>**JIMMY LOWE dba "JIMMY LOWE'S FRUIT STANDS" and "ROBIN'S PRODUCE,"** )<br>)<br>) | |
| **Defendant.** ) | |

**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND SETTING A PRELIMINARY INJUNCTION HEARING**

This matter is before the Court on Plaintiff Emerald Coast Finest Produce Company of Mobile, LLC's (also, "Emerald" or "Plaintiff") Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 3). The Court, having considered the pleadings and record in this case, and for good cause shown, has determined that Plaintiff should be granted a Temporary Restraining Order as stated in this Order.

The Court finds that is has jurisdiction over the subject matter and the parties to this action. Further, the Court has balanced the four factors appropriate for consideration of a temporary restraining order. The Court finds that Plaintiff has shown a substantial likelihood of success on the merits and has shown irreparable injury. Plaintiff has also shown that the balance of harm weighs in Plaintiff's favor because the relief requested applies to assets held in trust for Plaintiff's benefit. The issuance fo the Temporary

Restraining Order will serve the public interest as set forth in the Perishable Agricultural Commodities Act ("PACA"), 7 USC 499e(c).

Therefore, **IT IS HEREBY ORDERED** as follows:

1. Defendant, Jimmy Lowe, and his agents, servants, employees and attorneys, and all persons in active concert and participation with them, including their banking institutions, shall be and they are each:

    a. temporarily restrained from violating the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 USC 499a et seq. and regulations promulgated thereunder; and

    b. temporarily restrained from in any way, directly or indirectly, absolutely or as security, in whole or in part, transferring, assigning, using in the ordinary course of business, or otherwise disposing of, Defendant's assets derived directly or indirectly from Jimmy Lowe's produce sales, and the following items generated in the course of Jimmy Lowe's business: any and all perishable agricultural commodities and products derived therefrom, any funds into which any or all of the aforesaid assets have been commingled, including, but not limited to, the contents of Jimmy Lowe's accounts at Colonial Bank, including, without limitation, account number 062001319, and all other assets of Jimmy Lowe's to the extent of $58,740.10 plus interest at the applicable contract rate of 18%; and

    c. ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from Defendant's operations and received or transferred by him on or after November 5, 2007, which are lawfully obtainable by him; and

    d. ordered to segregate and escrow all proceeds from produce sales and all PACA trust cash assets in a trust account to be designated "Jimmy Lowe's PACA Trust Account" under Jimmy Lowe's taxpayer identification number with Plaintiff's counsel, Gilbert L. Fontenot, as escrow agent, depositing therein all assets of the PACA trust, no withdrawals to be made therefrom pending further order from this Court and immediately disclosing Jimmy Lowe's taxpayer identification number to the escrow agent for that purpose; and

 The grounds for this Order are as follows:

 1. Unless restrained by this Court, this property, which is held in trust for the benefit of Plaintiff as more particularly set forth in the Complaint and Thompson Affidavit filed in this case, is likely to be dissipated.

 2. Such dissipation will result in irreparable injury, loss and damage to Plaintiff.

 3. The issuance of temporary restraining order will prevent irreparable injury to Plaintiff in that dissipation of the property subject to the trust for the benefit of Plaintiff will deprive Plaintiff of the statutory trust created for its benefit and in its favor as set forth in the Complaint and affidavit.

 4. The Court has further considered the pleadings and the record in this case in connection with its consideration of the need for and/or amount of bond in this matter.

 The Court has, in particular, taken into consideration the provisions of PACA, 7 USC 499e(c), which, as stated therein, is intended to remedy a burden on commerce in perishable agricultural commodities "and to protect the public interest." Furthermore,

property subject to the temporary restraining order is held in trust for the benefit of Defendant's unpaid produce sellers, so that the Court does not upon the record find that Defendants might incur injury, other than the economic injury necessitated by defending this action, even if they were wrongfully enjoined. Accordingly, the Court finds that this Order shall take effect after entry upon the posting of a nominal bond of $200..

5. This Order shall remain in full force and effect until such time as this Court specifically orders otherwise.

6. A hearing on Plaintiff's Motion for Preliminary Injunction shall be set at **9:00 a.m. on the 25th day of February, 2008**, in Courtroom 2B, United States Courthouse, Mobile, Alabama.

7. Plaintiff shall immediately serve Defendant, his agent, or his counsel with a copy of this Order and all relevant pleadings, and within twenty-four (24) hours shall certify to the Court that they have done so.

**DONE** and **ORDERED** this 20th day of February, 2008 at 3:20 P.M.

    /s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE