UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EMERALD COAST FINEST PRODUCE COMPANY OF MOBILE, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO:08-00106-CG-M ) |
| JIMMY LOWE d/b/a "JIMMY LOWE'S FRUIT STANDS" and "ROBIN'S PRODUCE," | ) ) ) ) ) |
| Defendant. | ) |

## ORDER GRANTING PRELIMINARY INJUNCTION

This matter is before the court on Plaintiff Emerald Coast Finest Produce Company of Mobile, LLC's (also, "Emerald" or "Plaintiff") Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. (Doc. 3). The court previously entered a temporary restraining order and set plaintiff's motion for preliminary injunction for a hearing. (Doc. 6). Defendant, Jimmy Lowe, was served on February 21, 2008, with all relevant pleadings. (Docs 8, 9). However, defendant did not appear at the preliminary injunction hearing set February 25, 2008[1]. Upon review of the pleadings and in light of defendant's failure to appear, the court has determined that Plaintiff should be granted a

---

[1] Attorney Joe Carl "Buzz" Jordan telephoned the undersigned's chambers immediately prior to the commencement of the hearing and informed chambers staff that he represented the defendant and was sending over his secretary with payment for the plaintiff. No one appeared for the defendant at the hearing. However during the hearing a woman entered the courtroom, presumably Mr. Jordan's secretary. Counsel for the plaintiff was instructed to talk with her at the conclusion of the proceeding. The court has received no report on the outcome (if any) of that meeting.

preliminary injunction as stated in this Order.

The court finds that is has jurisdiction over the subject matter and the parties to this action.  Further, the court has balanced the four factors appropriate for consideration of a preliminary injunction order.  The court finds that Plaintiff has shown a substantial likelihood of success on the merits and has shown irreparable injury.  Plaintiff has also shown that the balance of harm weighs in Plaintiff's favor because the relief requested applies to assets held in trust for Plaintiff's benefit.  The issuance of the Preliminary Injunction Order will serve the public interest as set forth in the Perishable Agricultural Commodities Act ("PACA"), 7 USC 499e(c).

Therefore, **IT IS HEREBY ORDERED** as follows:

1. Defendant, Jimmy Lowe, and his agents, servants, employees and attorneys, and all persons in active concert and participation with them, including their banking institutions, shall be and they are each:

    a. preliminarily restrained from violating the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 USC 499a et seq. and regulations promulgated thereunder; and

    b. preliminarily restrained from in any way, directly or indirectly, absolutely or as security, in whole or in part, transferring, assigning, using in the ordinary course of business, or otherwise disposing of, Defendant's assets derived directly or indirectly from Jimmy Lowe's produce sales, and the following items generated in the course of Jimmy Lowe's business: any and all perishable agricultural commodities and products derived therefrom, any funds into which any or all of the aforesaid assets have

been commingled, including, but not limited to, the contents of Jimmy Lowe's accounts at Colonial Bank, including, without limitation, account number 062001319, and all other assets of Jimmy Lowe's to the extent of $58,740.10 plus interest at the applicable contract rate of 18%; and

      c.    ordered to restore to the PACA trust any PACA trust assets derived directly or indirectly from Defendant's operations and received or transferred by him on or after November 5, 2007, which are lawfully obtainable by him; and

      d.    ordered to segregate and escrow all proceeds from produce sales and all PACA trust cash assets in a trust account to be designated "Jimmy Lowe's PACA Trust Account" under Jimmy Lowe's taxpayer identification number with Plaintiff's counsel, Gilbert L. Fontenot, as escrow agent, depositing therein all assets of the PACA trust, no withdrawals to be made therefrom pending further order from this court and immediately disclosing Jimmy Lowe's taxpayer identification number to the escrow agent for that purpose; and

The grounds for this Order are as follows:

1.    Unless restrained by this court, this property, which is held in trust for the benefit of Plaintiff as more particularly set forth in the Complaint and Thompson Affidavit filed in this case, is likely to be dissipated.

2.    Such dissipation will result in irreparable injury, loss and damage to Plaintiff.

3.    The issuance of the preliminary restraining order will prevent irreparable injury to Plaintiff in that dissipation of the property subject to the trust for the benefit of

-3-

Plaintiff will deprive Plaintiff of the statutory trust created for its benefit and in its favor as set forth in the Complaint and affidavit.

4. Plaintiff has posted a bond in the nominal amount of $200 which the court orders shall continue in place while the preliminary injunction remains in effect.

5. This Order shall remain in full force and effect until such time as the court specifically orders otherwise.

6. Since Defendant has not appeared personally or through counsel in this case, **Plaintiff shall immediately serve Defendant, his agent, or his counsel with a copy of this Order, and within twenty-four (24) hours shall certify to the Court that service has been effected.**

**DONE** and **ORDERED** this 25th day of February, 2008.

    /s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE